**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

SYLVIA ANDERSON,

Plaintiff,

v.

JAMES D'AUGUSTE, et al.,

Defendants.

CASE NO. 1:26-CV-269-HAB-ALT

## OPINION AND ORDER

Pro se Plaintiff Sylvia Anderson ("Anderson") filed a complaint against Defendants James D'Auguste, Dianne T. Renwick, Sallie Manzanet-Daniles, Suzanne J. Adams, and Hector Lassale ("Defendants"), alleging only that Defendants "showed fast speed in claims" and "are subjected to actions Plaintiff requests this Court to adjudicate." (ECF No. 1). Along with her Complaint, Anderson filed a motion to proceed in forma pauperis. (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . ..” 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (“Courts have wide discretion to decide whether a litigant is impoverished.”). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In her IFP application, Anderson attests she earns $547 per month, though the form does not indicate where the income is from as she has declined to indicate whether she is employed. Anderson further claims she has limited assets—only $45 in cash—and regular monthly expenses of $1000. She denies having any dependents or debts. Given these representations, Anderson has demonstrated she cannot pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Anderson's Complaint need not provide overly detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Twombly*, 550 U.S. at 555. Her complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Anderson's Complaint is threadbare, stating only that Defendants "showed fast speed in claims" and "are subjected to actions Plaintiff requests this Court to adjudicate." (ECF No. 1). Even construing the Complaint liberally, as the Court must given her pro se status, Anderson's allegations blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, Anderson does not explain who the Defendants are[2] or what basis she has for filing in this court, and she utterly fails to provide any context whatsoever for her allegations. These failures alone warrant dismissal.

---

[2] Given the type of allegations and the Defendants' unique names, it is quite possible that Defendants are New York State judges. If this is the case, Anderson cannot pursue a claim against any judge who presided over a state court proceeding because judges are immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).

Beyond the scant facts, however, this same Complaint against these same Defendants has been filed in thirty-two other courts around the country between June 8, 2026 and June 11, 2026.[3] Each complaint contains the exact same flimsy allegation and demand. Additionally, Anderson lists her mailing address as Atlanta, Georgia, but the envelope in which she mailed her Complaint and IFP application is postmarked in New York. (ECF Nos. 1-1; 2-1). This kind of mass-filing of a threadbare claim is certainly "malicious" in the context of Section 1915(e)(2)(B)(i) given that it appears "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Simons v. Basu et al.*, No. 1:26-cv-1142, 2026 WL 1005067, at *2 (C.D. Ill. April 14, 2026) ("Certainly, where a plaintiff files the same complaint with the same two meager allegations— really just the barest possible sentences—in a handful of courts on the same day, that plaintiff intends to harass either the defendant, the given court, or both.").

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016). Because Anderson has no non-frivolous claim and this action is malicious, the Court will deny her request to proceed IFP and dismiss her case without leave to amend.

## CONCLUSION

Anderson's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

---

[3] *See, e.g.*, *Anderson v. D'Auguste, et al*, No. 2:26-cv-02102 (E.D. Cal. June 8, 2026); *Anderson v. D'Auguste, et al,.*, No. 2:26-cv-02132 (W.D. Wash. June 8, 2026); *Anderson v. D'Auguste, et al*, No. 4:26-cv-45 (W.D. Tex. June 8, 2026); *Anderson v. D'Auguste, et al*, No. 1:26-cv-12620 (D. Mass. June 9, 2026); *Anderson v. D'Auguste, et al*, No. 6:26-cv-02304 (D.S.C. June 11, 2026); *Anderson v. D'Auguste, et al*, No. 1:26-cv-192 (D.N.D June 11, 2026).

**SO ORDERED** this 29th day of June 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT